CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 22, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MEGAN RAE STEPANSKY, ) | |
|     Petitioner, ) | Civil Action No. 7:24cv529 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| JESSICA CALDWELL, Probation Officer, ) | By: Robert S. Ballou |
|     Respondent. ) | United States District Judge |

Megan Rae Stepansky, a fugitive from the Scott County Circuit Court in Virginia, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging malicious prosecution, torture, excessive force, deliberate indifference, due process violations, and other violations of her constitutional rights in connection with her convictions for statutory burglary, probation violation, and contempt of court. Upon preliminary review of this matter as required by Rule 4 of the Rules Governing Section 2254 Cases, this case must be dismissed.

## BACKGROUND

Stepansky alleges that she was initially arrested on January 15, 2023, while she was staying at a home on Water's Edge Road in Scott County, Virginia, where Stepansky maintains she had been given implied permission to stay by the homeowner. She alleges that Scott County Sheriff's deputies forcibly entered the home with neither probable cause nor a warrant after demanding that she leave the premises, calling her by name. Using excessive force which caused her to urinate on herself, in part because she had previously been assaulted by police officers, they arrested her for trespass and petty larceny, but the charge was upgraded by the magistrate to statutory burglary with intent to commit assault and battery or some other misdemeanor therein.

Stepansky alleges that she endured "13 days of torture" during her initial incarceration. Believing that she was pleading to two misdemeanors, trespass and petty larceny, she agreed to plead guilty and serve a two-year term of probation. She entered her guilty pleas on February 17, 2023, and was released from custody. Her attorney advised her to check-in with her Tennessee probation officer, where her probation would be sent under the Interstate Compact, because she had no ties to Virginia. Fearing harm from an online hate group created by an ex-partner, Stepansky went to Salem, Ohio instead. When she arrived in Ohio, she was immediately arrested on a felony probation violation warrant from Scott County. The Ohio officers advised that her location in Salem, Ohio, had been provided to them by the Scott County Sheriff's Department, leading her to feel that she was being targeted by officials in Scott County.

She was held without bond in Ohio from May 3 through August 3, 2023, because she refused to agree to extradition to Scott County because she feared being harmed there. Scott County then charged Stepansky with felony contempt of court for refusing to waive extradition. This allowed her to be returned to Scott County on a Governor's warrant. Once she returned to Scott County, the court again placed her on probation and directed her to contact defendant Caldwell, her probation officer in Virginia, upon release.

On August 17, 2023, Stepansky was released from custody with her Tennessee address on her release papers. She was unable to reach Ms. Caldwell for 48 hours and remained fearful of remaining in the Scott County area. Eventually, Caldwell arranged transportation for Stepansky to the Greyhound bus station and assured her that the interstate compact transfer would be initiated as soon as Stepansky notified her of her new address. When Stepansky called from Charlotte, North Carolina, Caldwell demanded that Stepansky return to Virginia, which she could not afford to do financially, nor did she feel safe returning to Scott County, Virginia. Another

probation violation warrant was issued against Stepansky. Because of the outstanding warrant against her, Stepansky is ineligible to take advantage of services in Charlotte, North Carolina, to help homeless people obtain housing, job training, and other assistance. Nevertheless, she asserts that she has been a law-abiding citizen the entire time she has been in Charlotte, now over one year.

Stepansky claims lack of lawful basis for her detention, and she seeks exoneration on all charges and damages for the violation of her rights by Ms. Caldwell. She alleges that she wrote to the Scott County Circuit Court Judge seeking relief, but he never responded to her request, so she has exhausted her state court remedies.

## Discussion

Two options are available to prisoners complaining about their incarceration: habeas corpus and actions under 42 U.S.C. § 1983. Challenges to the fact or duration of confinement must be filed in habeas; challenges to the conditions and circumstances of confinement fall under § 1983. *Hill v. McDonough*, 547 U.S. 573, 579 (2006). Stepansky's petition contains allegations falling within both types of suits. To the extent that she seeks to be made whole for alleged violations of her constitutional rights, that would be properly considered only in an action under § 1983. However, she already has a § 1983 suit pending involving these very circumstances. *See Stepansky v. Southwest Virginia Regional Jail Authority*, No. 7:23cv698 (W.D.Va. filed Oct. 24, 2023). She cannot bring a second suit seeking compensation for the same violations.

The writ of habeas corpus is potentially available to one who is "in custody pursuant to the Judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner must also meet several procedural requirements before a federal court may grant habeas relief. First,

the petitioner must file a timely claim, generally within one year from the date on which the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A). Next, she must exhaust her state court remedies before filing in federal court. Stepansky has failed to meet all requirements.

A. **Timeliness**

The one-year statute of limitations begins to run on the date that a state judgment becomes final, which in the case of a criminal conviction is defined as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On the convictions for burglary and petty larceny, Stepansky pled guilty and was sentenced on February 17, 2023. She did not appeal those convictions. The last date on which she could have done so, 30 days after entry of the judgment, was March 20, 2023.[1] Va. Sup. Ct. Rules, Rule 5A:6. The habeas petition was filed on August 12, 2024, more than one year after her original convictions.

Any challenge she makes to the conviction for probation violation must be filed within one year from the date that judgment became final, or 30 days after August 15, 2023, which was September 14, 2023. If she had met all other conditions required, her petition would be timely for challenging the conviction on her first probation violation.

She has not appeared in court to be tried on her second probation violation, making a habeas challenge to that charge premature.

B. **Exhaustion**

To exhaust her claims, a petitioner must present her federal constitutional claims to the highest state court before she is entitled to seek federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address

---

[1] Thirty days from February 17 is March 19, but in 2023, March 19 fell on a Sunday, giving a litigant until the next business day to appeal.

4

those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). When a state court has no more state remedies available, a petitioner's claim has been exhausted. When a petitioner has procedurally defaulted her claims, they may be considered simultaneously exhausted and defaulted. *Id.*

A litigant has several options for presenting her claim to the state's highest court. First, by appealing her conviction and sentence to the Court of Appeals of Virginia and then to the Supreme Court of Virginia, she can present some issues to the state's highest court. Next, she may file a state habeas petition, either in the state circuit court, appealing any adverse decision to the Supreme Court of Virginia, or directly with the Supreme Court of Virginia in the first place. Va. Code § 8.01-654. Either way, the claims must ultimately be presented to the Supreme Court of Virginia before a federal district court can consider them. The time for determining whether a prisoner has exhausted her remedies is when the federal petition is filed, not when it comes on for a later hearing in the district court. *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993); *Hammer v. Clarke*, No. 7:22cv00609, 2022 WL 17490078, at *1 (W.D.Va. Dec. 7, 2022).

Stepansky did not appeal her original convictions, nor did she appeal the first probation violation conviction, and the time in which to do so has expired. However, she has two years from the date of judgment in the trial court to file her state habeas petition on the original convictions for burglary and petty larceny, meaning that she can still file a state habeas petition on or before February 15, 2025. Va. Code § 8.01-654(A)(1). Because a state remedy is still available, she has not exhausted her remedies. The state statute of limitations for filing a habeas petition to challenge a probation revocation is one year from the date the circuit court entered its judgment. *Booker v. Director, Dep't of Corrs*, 727 S.E.2d 650, 650 (Va. 2012). Therefore, Stepansky had until August 15, 2024, to file her state habeas petition on the probation revocation

of August 15, 2023. At the time she filed her § 2254 petition herein, she still had three days in which to exhaust state court remedies, so her claims were not exhausted.

## C. In Custody

Finally, and significantly, habeas is not a remedy for Stepansky because she is not in custody for purposes of the habeas statute. A person is held "in custody" by a state when the state "official charged with his detention has the power to produce him." *Munaf v. Geren*, 553 U.S. 674, 686 (2008) (internal quotation and citation omitted). Because Stepansky is a fugitive, no state official currently has the power to produce her. A person may be considered "in custody" while subject to significant restraints on liberty beyond those imposed on the public generally, such as those who are on probation or parole. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963). However, when one flees the jurisdiction and defies the instructions of her probation officer, it cannot be said that he is "subject to any conditions of his release that would amount to a restraint on his liberty," and thus the person is not "in custody" for purposes of the habeas statute. *Pendleton v. DiMatteo*, No. 3:23CV734 (RCY), 2023 WL 8281683, at *2 n.1. Because Stepansky is a fugitive, she is not in custody, and this petition must be dismissed.

## CONCLUSION

Stepansky's habeas claims regarding her convictions for burglary and petty larceny will be dismissed as time barred. Her remaining habeas claims were not exhausted at the time she filed her petition, and some are not yet ripe; likewise, she is not currently in custody pursuant to a state court judgment. Therefore, those claims will be dismissed without prejudice. To the extent she seeks damages for violation of her constitutional rights, those claims are more properly considered in the § 1983 action that she already has pending in this court.

I decline to issue a certificate of appealability, because Stepansky has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural rulings to be debatable or wrong.

A separate Final Order will be entered this date.

Enter: October 22, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge